DA 06-0348

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 215N

IN THE MATTER OF M.C.,

A Youth in Need of Care.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte/Silver Bow, Cause No. DN-05-36
Honorable John W. Whelan, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Francis P. McGee, Attorney at Law, Butte, Montana
(for Appellant Father)

For Respondent:

The Honorable Mike McGrath, Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

Susanne M. Clague, Attorney at Law, Butte, Montana
(Guardian Ad Litem for Youth)

Submitted on Briefs:  August 15, 2007

Decided:  August 28, 2007

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     S.C., the biological father of M.C., appeals from the order entered by the Second Judicial District Court, Silver Bow County, terminating his parental rights.  The District Court found, among other things, that M.C. had been adjudicated a youth in need of care; the court had approved an appropriate treatment plan for S.C.; S.C. had been a fugitive from justice and during that time had declined to appear in court or give his address to the social worker or his attorney; S.C. had recently been arrested and was incarcerated at the time of the termination order; S.C. had done nothing to comply with his treatment plan in part because he feared going to jail if he came out of hiding; S.C. recently used methamphetamine; S.C. had not contributed to M.C.'s support in more than a year; the conduct and condition rendering S.C. unfit was unlikely to change within a reasonable time; and termination of S.C.'s parental rights was in M.C.'s best interests.  The District Court also entered conclusions regarding the satisfaction of certain statutory requirements and, based on its findings and conclusions, ordered S.C.'s parental rights terminated.

¶3     S.C.'s primary contention is that the District Court did not afford him sufficient

opportunity to comply with a treatment plan. In this regard, S.C. asserts he did not know M.C. was in foster care until August of 2005, and his parental rights were terminated in April of 2006 mainly because he had been in hiding for approximately six months before his arrest. He makes additional treatment plan-related contentions, while conceding he would not have been able to comply with a treatment plan while in hiding.

¶4 In addition, S.C. contends the District Court did not make required findings relating to his incarceration insofar as it was relevant to the continuation of his parental rights. S.C. also asserts the District Court did not make required findings regarding his ability to pay child support.

¶5 Pointing to his testimony at the termination hearing, S.C. also challenges the District Court's finding that his conduct or condition would not change within a reasonable time, insofar as it is based on the "short" period he was hiding from an arrest warrant, and further contends the District Court erroneously relied on the social worker's testimony. Finally, S.C. asserts that a statutory presumption—not relied on by the District Court—does not apply here.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that S.C.'s appeal is without merit because sufficient evidence supports the District Court's findings of fact, the legal issues are clearly controlled by settled Montana law that the District Court correctly interpreted, and the District Court did not abuse its discretion in deciding to terminate S.C.'s parental rights.

¶7     Affirmed.


                                        /S/ KARLA M. GRAY


We concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE